IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY V. BALDWIN,

    Plaintiff,                      No. CIV S-09-0711 WBS GGH P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,         ORDER &

    Defendants.             FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff filed an interlocutory appeal of the Order, filed on July 23, 2009, wherein plaintiff's request for emergency injunctive relief in the form of a prison transfer was denied. Essentially, he sought to be transferred away from defendant Fannon due to Fannon's allegedly threatening remarks; within the allegations of his underlying complaint, plaintiff has made claims of excessive force by, inter alia, this defendant.

        In defendants' putative request for a stay of this case pending resolution of the appeal, citing L.R. 6-144, defendants set forth the current briefing schedule of the appeal, and contend that they are not seeking an extension of time, but are ready to file their responsive

pleading in this court on the current due date, which is October 23, 2009.[1]  However, defendants argue that the Ninth Circuit's ruling on plaintiff's appeal, could have a significant impact on the resolution of this case.

The court observes that defendants fail to cite the appropriate provision in seeking this stay.  Local Rule 6-144 governs the appropriate procedure for filing requests for extending and shortening time, not requests for stays; no doubt defendants cite it because their request for a stay was made  belatedly, on October 16, 2009, even though the notice of interlocutory appeal had been filed on August 5, 2009.  Under the applicable provision, 28 U.S.C. § 1292(a), it is clear that the Ninth Circuit has jurisdiction of plaintiff's appeal of a district court's interlocutory order, inter alia, "refusing" an injunction.  Defendants do make clear that the Ninth Circuit has issued a briefing schedule and plaintiff's opening brief was due on October 13, 2009, and defendants' response due on November 10, 2009.[2]  Defendants' representation that the outcome of the appeal is likely to materially impact the resolution of this litigation is persuasive.

Accordingly, IT IS ORDERED that defendants are granted an extension of time until seven (7) days after the district judge rules on these findings and recommendations, should the request for a stay be denied, to file their responsive pleading.

IT IS HEREBY RECOMMENDED that:

1. Defendants' October 16, 2009 (docket # 42) request for a stay of this action pending resolution of the interlocutory appeal in this matter be granted; and

2. Defendants be granted an extension of time until fourteen (14) days following the Ninth Circuit's ruling on the interlocutory appeal to file a responsive pleading.

\\\\\

---

[1] By an Order, filed on September 2, 2009, defendants were granted a 60-day extension of time to file their response to the complaint.

[2] This briefing schedule is confirmed by this court's review of the on-line docket of the appeal in  Pacer (Case No. 09-16661).

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 22, 2009             /s/ Gregory G. Hollows

                                    GREGORY G. HOLLOWS
                                    UNITED STATES MAGISTRATE JUDGE

GGH:009
bald0711.req

3