IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY V. BALDWIN,

    Plaintiff,                   No. CIV S-09-0711 WBS GGH P

    vs.

CA. DEPT. OF CORRECTIONS
AND REHABILITATION, et al.,

    Defendants.              ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff, on March 2, 2011, filed a document entitled "A motion for discovery; and a motion for judicial intervention." No opposition was filed. A Discovery and Scheduling Order issued in this matter on January 14, 2011, setting the discovery deadline as July 6, 2011, and the pretrial dispositive motion deadline as November 9, 2011. While plaintiff's putative motion(s) were filed within the discovery deadline, it is difficult to discern precisely what plaintiff seeks.

        The gravamen of plaintiff's complaint is that he was subjected to excessive force by defendants Fannon and Gray at High Desert State Prison on February 29, 2008, despite having a severe neck injury. See complaint, pp. 3-4. Plaintiff states in his pending motion that he has

nine incarcerated witnesses and one witness who is a CDCR[1] employee.  Plaintiff lists a number of individuals, indicating that he has been unable to obtain affidavits from some of them, while he has appended other affidavits to his motion.  The court's review of these exhibits indicates that while plaintiff has signed various witness statements under oath, several of the witnesses themselves have not; moreover, it is not clear that all of the witnesses have information relevant to the claim at issue.

Plaintiff seeks judicial intervention because, he alleges, he does not have access to the addresses of his prospective witnesses.  Plaintiff also wishes to obtain a copy of a report that he says that a Dr. Jenesky wrote on or about July 13, 2008, about plaintiff's safety concerns while he was in administrative segregation.  Dr. Jenesky, a psychologist, is, according to plaintiff, his expert witness.   Plaintiff goes on to say that he is without funds and cannot afford the daily witness fee and travel expenses, which is evidently why he is seeking witness affidavits.

Plaintiff fails to outline the steps he has taken in any effort to obtain his prospective witnesses' addresses on to correspond with his inmate witnesses.  Nor does he, for example, show that he has sought access to any report he has sought by way of a discovery request to defendants.  Although the time for discovery has closed the court will permit plaintiff to demonstrate the steps he has taken to obtain the information he seeks, following which the defendants must file any response they wish to make.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's motion for discovery and judicial intervention, filed on March 2, 2011 (docket # 60), is denied without prejudice;

2.  Discovery is re-opened for the limited purpose of permitting plaintiff to clearly set forth in a motion to compel discovery, within twenty-eight days of the date of this order, what steps he has taken to obtain the inmate addresses he seeks for the purpose of corresponding to his

---

[1] California Department of Corrections and Rehabilitation.

prospective inmate witnesses to obtain affidavits in support of his claims and to demonstrate his efforts to obtain a copy of a July, 2008 report from a psychologist named Dr. Jenesky.

        3.  If, within his motion, plaintiff contends that he has been obstructed in obtaining the information he seeks by defendants, defendants must file their response within twenty-eight days of plaintiff's motion, after which plaintiff may file a reply but must do so within fourteen days of the filing of any response by defendants.

DATED: August 3, 2011

                                 /s/ Gregory G. Hollows
                        UNITED STATES MAGISTRATE JUDGE

GGH:009
bald0711.ord2