IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY V. BALDWIN,

        Plaintiff,                               No. CIV S-09-0711 WBS GGH P

    vs.

CA. DEPT. OF CORRECTIONS
AND REHABILITATION, et al.,

        Defendants.                 <u>ORDER</u>

_____/

          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. As the court has stated previously, the gravamen of plaintiff's complaint is that he was subjected to excessive force by defendants Fannon and Gray at High Desert State Prison (HDSP) on February 29, 2008, despite having a severe neck injury. See Order, filed on August 3, 2011, p. 1. Plaintiff filed, on March 2, 2011, a "motion for discovery and [] judicial intervention." In the August 3rd, 2011 order, the motion was denied without prejudice. However, plaintiff was granted twenty-eight days to set forth what steps he had taken to obtain the inmate addresses he had sought in the motion to be able to correspond to prospective inmate witnesses to obtain affidavits in support of his claims and to demonstrate his efforts to obtain a copy of a July, 2008 report from a psychologist named Dr. Jenesky. The July 6, 2011, discovery deadline was lifted for this limited purpose only. Plaintiff filed a motion to compel discovery on August 29, 2011, to

1

1 which defendants filed an opposition, on September 13, 2011.  Plaintiff did not file a reply.

2        In his current motion, plaintiff states that of the nine incarcerated witnesses he has
3 named, he seeks assistance only for the purpose of obtaining the addresses of an inmate named
4 Brucaga, whose CDCR[1] number is unknown to him, and of an inmate named Gordon Bruce,
5 CDCR # T-53273.[2]  As to Inmate Brucaga, plaintiff states that he was plaintiff's cellmate on
6 February 29, 2008,[3] the date of the incident at issue, and "has first-hand information about how
7 the plaintiff was and what was said to Officer Fannon before l[ea]ving the cell."  Motion, p. 6.
8 With regard to Inmate Bruce, plaintiff states that this witness saw the escort at issue and
9 witnessed defendants Fannon and Gray "smash plaintiff into the wall."  Id.  Plaintiff also states
10 that he has made unsuccessful repeated efforts to obtain a copy of a report written by a Dr.
11 Jenesky, on or about July 13, 2008, when plaintiff was in administrative segregation about
12 plaintiff's safety concerns.  Id., at 3-4.  Plaintiff has previously stated that Dr. Jenesky's report
13 supports plaintiff's complaint as to his safety concerns.  See docket # 60.

14        Plaintiff states that he submitted two 1074 forms for the prospective inmate
15 witnesses with whom he seeks to correspond to his counselor, Mrs. Villa Aueva at HDSP, and
16 has filled out three or four GA-22-9/92 forms which he has sent to the medical records
17 department at HDSP.  Motion, pp. 2-3.  As to the two 1074 forms, plaintiff avers that he has
18 received no response; he has similarly had no response with respect to his request for a copy of
19 the report by Dr. Jenesky.  Id., at 4.  Although plaintiff submits no copy of the 1074 form,
20 presumably it is the appropriate form for an inmate to use to be able correspond with another
21 inmate.  Plaintiff does include a copy of a GA-22-9/92 (inmate request for interview) form, dated

---

[1] California Department of Corrections and Rehabilitation.

[2] Plaintiff indicates that he has obtained signed affidavits/declarations from the remaining seven, attesting to his being harassed at HDSP.  Motion, pp. 3-4.

[3] Plaintiff actually states the year as 2009, but it is evident that he is referring to the 2008 incident.

5-28-10, from plaintiff to medical records stating that he has sent three prior interview request forms seeking a copy of the July 13, 2008, report by Dr. Jenesky. Id., at 5.

In opposition, defendants assert that although plaintiff has served various documents upon them, they never received any discovery requests from plaintiff (much less any request regarding the specific information sought by plaintiff in the instant motion). Opposition (Opp.), p. 2; Declaration of Diana Esquivel, ¶¶ 2-3. They contend that the motion should be denied on that basis alone. Opp., p. 2. Notwithstanding, defendants state that they are therein producing the information available to them, including, inter alia, that Inmate Bruce is currently incarcerated at Ironwood State Prison. Id. While it is not clear to the court that plaintiff is seeking, in his present motion, the location of any other inmate but that of Bruce and Brucaga, defendants also provide the whereabouts of the other nine inmate witnesses plaintiff originally identified, except that of Brucaga and one other inmate, the whereabouts of whom they state they do not know. Id., at 2-3. Defendants also assert they do not have possession, custody or control of Dr. Jenesky's report. Id., at 3.

Plaintiff has shown sufficient cause for his request to correspond with the two potential inmate witnesses and while the court is still unclear as to the relevance of a report plaintiff made about his safety concerns while plaintiff was in ad seg, to a non-party, Dr. Jenesky, some months following the incident at issue, it is also not clear why plaintiff is unable to access his own medical records. Although plaintiff is currently housed at R.J. Donovan Correctional Facility, per his notice of change of address, filed on November 23, 2011, he has apparently not been housed at HDSP since at least October of 2010, when he submitted a prior change of address notice. Therefore, it is not entirely clear how or why he has apparently submitted his requests directly to HDSP since his transfer or, instead, if the requests were all submitted to HDSP prior to his initial transfer away. If plaintiff has failed to submit the appropriate forms since his transfer to the subsequent institutions in which he has been incarcerated, he should submit them again directed to the facility at which he is presently housed. It is also particularly

3

1 unclear why plaintiff never served defendants with any discovery requests, particularly in light of
2 the fact that Michael McDonald, the Acting Warden of HDSP, and HDSP Deputy Warden R.A.
3 Gower are among the named defendants and should have been able to provide plaintiff with the
4 witness information he is seeking and, in particular, prior to his transfer from HDSP, with the
5 report he has been seeking.  Plaintiff provides no explanation for not having timely served
6 defendants with any discovery requests.  The motion will be denied as moot inasmuch as
7 defendants have provided some information and as both insufficient and untimely inasmuch as
8 plaintiff apparently never served discovery requests upon the defendants during the discovery
9 period.

10        Plaintiff has requested the appointment of counsel.  The United States Supreme
11 Court has ruled that district courts lack authority to require counsel to represent indigent
12 prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In
13 certain exceptional circumstances, the court may request the voluntary assistance of counsel
14 pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
15 Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court
16 does not find the required exceptional circumstances because the issues appear to be relatively
17 straightforward, not requiring expert assistance.  Plaintiff's request for the appointment of
18 counsel will therefore be denied.

19        Accordingly, IT IS ORDERED that:

20        1. Plaintiff's motion to compel discovery, filed on August 29, 2011 (docket # 66),
21 is denied as moot as to the location of one of his named witnesses, Inmate Bruce, and as
22 insufficiently supported and untimely as to the location of Inmate Brucaga and as to the report by
23 psychologist Dr. Jenesky, identified above.

24        2. Notwithstanding, plaintiff may seek to correspond with Inmate Bruce and to
25 locate and correspond with Inmate Brucaga, or any of his potential inmate witnesses, by way of
26 use of the appropriate forms through the appropriate channels in the current facility in which he

is housed, where he may also seek access to his prison medical files and the report by Dr. Jenesky.

3. Plaintiff's October 7, 2011 (docket # 68), request for the appointment of counsel is denied.

4. The date for the filing of all pretrial motions, except motions to compel discovery, is now re-set to be February 15, 2012.  Motions shall be briefed in accordance with paragraph 7 of this court's orders filed on June 16, 2009, and on October 6, 2009.

5. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

DATED: December 2, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
bald0711.ord4