KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
DAVID A. CARRASCO, State Bar No. 160460
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-4928
 Facsimile: (916) 324-5205
 E-mail: Diana.Esquivel@doj.ca.gov

*Attorneys for Defendants Barton, Fannon, and Gray*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **GREGORY BALDWIN,**<br><br>                                    Plaintiff,<br><br>     v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.**<br><br>                                    Defendants. | No. 2:09-cv-00711 KJM-AC<br><br>**STIPULATION AND PROPOSED ORDER TO MODIFY FURTHER SCHEDULING ORDER, CONTINUE THE TRIAL, AND REOPEN DISCOVERY** |

The parties, by and through their attorneys of record, seek to modify the further scheduling order, dated November 26, 2012 (ECF No. 94), to continue the deadline for filing the joint pretrial statement and the dates for the pretrial conference and trial and to reopen discovery for the limited purpose of deposing Defendants and obtaining Plaintiff's medical records. Good cause exists to modify the scheduling order because Plaintiff's counsel were recently appointed to represent Plaintiff and require more time to familiarize themselves with the case and conduct limited discovery. Also, defense counsel has another trial that conflicts with the trial here.

1

Stipulation and Order to Modify Further Scheduling Order, Continue the Trial, and Reopen Discovery
(2:09-cv-0711 KJM-AC)

A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson,* 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer,* 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." *Jackson,* 186 F.R.D. at 608.

On November 26, 2012, the Court issued a further scheduling order setting the trial in this matter for June 24, 2013. (ECF No. 94.) On January 24, 2013, the Court granted Plaintiff's motion for the appointment of counsel, and on February 13, 2013, Randall Haimovici, Amir Nassihi, and Rachael Smith were appointed to represent Plaintiff.[1] (ECF Nos. 95, 100.) In its February 2013 order, the Court directed the parties to file a joint pretrial statement by April 4, 2013, and set the pretrial conference for April 18, 2013. (ECF No. 95.)

Plaintiff's newly appointed counsel require more time to familiarize themselves with the case. They have not had the opportunity to meet with their client, which is necessary before they engage in meaningful discussion regarding the contents of the joint pretrial statement. Also, based on Plaintiff's counsel's preliminary review of the filings in this case, they have determined that they will need to obtain Plaintiff's updated medical files and take the deposition of the

---

[1] Naoki S. Kaneko subsequently substituted in for Amir Nassihi. (*See* ECF No. 101.)

2

remaining Defendants.  In addition to Plaintiff's counsel's need for additional time, defense counsel has a conflict with the current trial date; she has another trial scheduled to start on June 25, 2013, in the matter of *McDonald v. Clark* (E.D. Cal. No. 1:09-cv-0730 LJO-SKO).  Based on these factors, the parties agree to the following:

    1.  The trial be continued to December 2 or 9, 2013, or any other date around this period that is available on the Court's calendar;

    2.  The pretrial conference be continued to October 17 or 24, 2013, or any other date around this period available to the Court;

    3.  The joint pretrial statement be due two weeks before the newly-scheduled pretrial conference;

    4.  Discovery be reopened for the limited purpose of permitting Plaintiff's counsel to depose the Defendants and obtain Plaintiff's medical records and that this discovery be completed by August 2, 2013; and

    5.  If during the course of the limited discovery, the parties determine that medical expert testimony will be necessary at trial, the parties will make expert disclosures as required under Federal Rule of Civil Procedure 26 by July 29, 2013, and any rebuttal or supplemental reports will be due by August 23, 2013.  Expert discovery will be completed by September 30, 2013.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Stipulation and Order to Modify Further Scheduling Order, Continue the Trial, and Reopen Discovery
(2:09-cv-0711 KJM-AC)

1     IT IS SO STIPULATED.

3 Dated: March 27, 2013            Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DAVID A. CARRASCO
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants*

10 Dated: March 27, 2013            SHOOK, HARDY & BACON, LLP

*/s/ Rachael M. Smith*

RANDALL HAIMOVICI
RACHAEL M. SMITH
NAOKI S. KANEKO
*Attorneys for Plaintiff*

SA2009312125
31646463.doc

4

# ORDER

Based on the parties' stipulation and good cause appearing, the further scheduling order, dated November 26, 2012 (ECF No. 94), is modified as follows:

1. Trial is continued to December 2, 2013, at 9:00 a.m. in Courtroom 3.

2. The pretrial conference is continued to October 17, 2013, at 3:30 p.m. in Courtroom 3.

3. A joint pretrial statement is due no later than fourteen days before the pretrial conference.

4. Discovery is reopened for the limited purpose of permitting Plaintiff's counsel to depose Defendants Barton, Fannon, and Gray and to obtain Plaintiff's medical records.

5. If the parties determine that medical expert testimony will be necessary at trial, the parties shall make expert disclosures as required under Federal Rule of Civil Procedure 26 by July 29, 2013.  Any rebuttal or supplemental reports shall be due by August 23, 2013.

6. Fact discovery must be completed by August 2, 2013, and expert discovery must be completed by September 30, 2013.

IT IS SO ORDERED.

Dated:  March 28, 2013.

_____
UNITED STATES DISTRICT JUDGE

Stipulation and Order to Modify Further Scheduling Order, Continue the Trial, and Reopen Discovery (2:09-cv-0711 KJM-AC)