UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BALDWIN, | Civ. No. 2:09-cv-00711 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

On September 4, 2014 the court conducted a final pretrial conference. Rachael Smith and Randall Haimovici appeared for plaintiff Gregory Baldwin; Diana Esquivel appeared for the defendants.

After hearing the parties' presentations, and good cause appearing, the court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. § 1331. Jurisdiction and venue are not contested.

TRIAL BEFORE A MAGISTRATE JUDGE

The parties shall meet and confer to discuss whether they will consent to trial before a magistrate judge and shall inform the court of any consent no later than September 15, 2014.

/////

JURY/NON-JURY

The parties have timely requested a jury trial, and the jury shall consist of 8 jurors.

UNDISPUTED FACTS

1. Plaintiff Gregory Baldwin is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR).

2. At the relevant time periods, defendant Barton was a Sergeant and defendants Fannon and Gray were Correctional Officers at High Desert State Prison (HDSP) in Susanville, California; they were acting under color of state law.

3. On January 24, 2008, Baldwin was transferred to HDSP.

4. When Baldwin was transferred, he was approved to be housed in the gym rather than in a cell.

5. On February 29, 2008, Fannon and Gray were housing officers in Building 5 on Facility B at HDSP, where Baldwin was housed.

6. On February 29, 2008, Fannon told Baldwin that he was being moved to the gym.

7. Baldwin said he was not going to the gym.

8. Fannon told Baldwin to pack up his belongings; Baldwin complied with this order.

9. About thirty minutes later, Fannon and Gray came to Baldwin's cell, put him in waist restraints and escorted him to the Program Office so he could talk to a Sergeant about his housing assignment.

10. During this escort Baldwin was wearing a soft cervical neck brace.

11. Barton was in the Facility B gym on February 29, 2008, supervising the placement of inmates.

12. Barton met with Baldwin in the program office.

13. As a Sergeant, Barton did not have the authority to make or change housing assignments.

14. Correctional officers did not have the authority to make or change housing assignments.

15. A classification committee decides where an inmate will be housed.

2

16. Before Barton's interaction with Baldwin in the Program Office on February 29, 2008, Barton did not know Baldwin and was unaware of any injury or medical condition Baldwin had.

17. Barton told Fannon and Gray to escort Baldwin to the gym.

18. During the escort to the gym, Fannon and Gray walked on either side of Baldwin, holding Baldwin's bicep area.

19. Baldwin was still wearing his soft cervical neck brace.

20. Barton followed behind the escort.

21. As they neared the entrance to the gym, Baldwin stopped walking and said he was not going into the gym.

22. Fannon and Gray put Baldwin against the wall outside of the gym.

23. After a few minutes, Fannon and Gray took Baldwin into the gym.

24. Gray and Fannon released Baldwin, and Gray removed Baldwin's restraints.

25. Baldwin said he needed medical assistance.

26. Medical staff came to the gym and attended to Baldwin.

27. Baldwin was placed on a backboard and gurney and taken to the medical unit on the yard and later to the prison hospital for examination.

28. Baldwin had no further interaction with Barton, Fannon or Gray after he was taken out of the gym on February 29, 2008.

DISPUTED FACTUAL ISSUES

1. Considering all the circumstances, did Fannon and Gray use reasonable and necessary force when they put Baldwin against the wall outside and later inside the gym on February 29, 2008?

2. Did Barton fail to protect Baldwin from Fannon's and Gray's use of force on February 29, 2008?

3. Did defendants' conduct on February 29, 2008 aggravate or exacerbate any pre-existing injury of plaintiff's?

/////

SPECIAL FACTUAL INFORMATION

None applicable.

DISPUTED EVIDENTIARY ISSUES

The parties have listed several disputed evidentiary issues. Motions in limine are due September 22, with oppositions due September 29. Motions in limine will be decided before jury selection on the first day of trial.

STIPULATIONS/AGREED STATEMENTS

The parties stipulate to the authenticity of plaintiff's records from his central and medical files, absent a dispute about when a record was created or whether it was altered. The parties also stipulate to the authenticity of medical records produced via subpoena. The parties may object to the admissibility of these records on other grounds.

They do not believe a trial on agreed statements is appropriate.

RELIEF SOUGHT

Plaintiff seeks compensatory and punitive damages. Defendants seek judgment in their favor and costs.

POINTS OF LAW

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than seven days prior to the date of trial in accordance with Local Rule 285.

ABANDONED ISSUES

None.

WITNESSES

Plaintiff may call the following witnesses:

Gregory Baldwin

Robert Barton

Michael Gray

James Fannon

Dr. Jan Mensink

1. Dr. Manprit Dhillon
2. Nurse J. Daniels
3. Nurse R. Shaw
4. Correctional Officer David Hurd
5. Correctional Officer D. Burch
6. Correctional Officer M. Barnes
7. Correctional Lieutenant D. Dharlingue
8. Correctional Sergeant T. Hays
9. Correctional Sergeant K. Bond

Defendants may call the following witnesses:

11. Gregory Baldwin
12. Robert Barton
13. James Fannon
14. Michael Gray
15. Correctional Officer David Hurd
16. Correctional Officer D. Burch
17. Correctional Officer M. Barnes
18. Nurse J. Daniels
19. Nurse R. Shaw
20. Correctional Lieutenant D. Dharlingue
21. Correctional Officer C. Hougland
22. Correctional Lieutenant D. Spangle
23. Dr. Rogelio Ortega
24. Custodian of Records for plaintiff's central file and medical records.

Each party may call any witnesses designated by the other.

/////
/////
/////

5

A.   The court will not permit any other witness to testify unless:

   (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

   (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B.   Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

   (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

   (2) The court and opposing parties were promptly notified upon discovery of the witness;

   (3) If time permitted, the party proffered the witness for deposition; and

   (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff's exhibits are identified on attachment A.  At trial, plaintiff's exhibits shall be listed numerically.

Defendant's exhibits are identified on attachment B.   At trial, defendant's exhibits shall be listed alphabetically.

The court encourages the parties to generate a joint exhibit list to the extent possible. Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

6

The parties must exchange exhibits no later than twenty-eight days before trial.  Any objections to exhibits are due no later than fourteen days before trial.

A.  The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

    1.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    2.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.  Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    1.  The exhibits could not reasonably have been discovered earlier;

    2.  The court and the opposing parties were promptly informed of their existence;

    3.  The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

<u>DEPOSITION TRANSCRIPTS</u>

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than fourteen days before trial.

<u>FURTHER DISCOVERY OR MOTIONS</u>

None anticipated.

<u>AMENDMENTS/DISMISSALS</u>

None anticipated.

<u>SETTLEMENT</u>

The parties have engaged in informal settlement discussions and will inform the court if they believe a court-convened settlement conference would be helpful.  The parties shall exhaust

the possibility of settlement and report any settlement to the court no later than September 15, 2014.

MOTIONS IN LIMINE

As noted above, motions in limine will be decided the first day of trial.

As the court advised the parties, it is this court's practice to admit the fact and date of a felony conviction. Other facts about the felony, including the name and nature of the crime of conviction and the sentence length, are unfairly prejudicial. These facts are inadmissible unless the proponent establishes that, in the circumstances of this case, specific facts about the conviction are relevant to show dishonesty or undermine credibility and their admission would not be unfairly prejudicial.

The parties advised the court at the final pretrial conference that they have made stipulations as to other matters of evidence. The parties should file any stipulations as soon as possible.

JOINT STATEMENT OF THE CASE

The parties shall prepare a joint statement of the case to be read to the jury and file it seven days before trial.

SEPARATE TRIAL OF ISSUES

Defendant seeks bifurcation of the question of punitive damages.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not applicable.

ATTORNEYS' FEES

The parties do not anticipate seeking attorneys' fees.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for October 6, 2014 at 9:00 a.m. Trial is anticipated to last two to three days. The parties are directed to Judge Mueller's trial schedule outlined at the "important information" link located on her web page on the court's website.

/////

/////

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury voir dire seven days before trial. Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

MISCELLANEOUS

Trial briefs are due seven days before trial.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fourteen days from the date of this order to file objections to the same. If no objections are filed, the order will become final without further order of this court.

DATED: September 9, 2014.

_____
UNITED STATES DISTRICT JUDGE