1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  GREGORY BALDWIN, | Civ. No.  2:09-cv-00711 KJM AC |
| 12         Plaintiff, | |
| 13    v. | AMENDED TRIAL ORDER |
| 14  CALIFORNIA DEPARTMENT OF CORRECTIONS AND | |
| 15  REHABILITATION, et al., | |
| 16         Defendants. | |
| 17 | |

18        On September 4, 2014 the court conducted a final pretrial conference.  Rachael Smith and

19  Randall Haimovici appeared for plaintiff Gregory Baldwin; Diana Esquivel appeared for the

20  defendants.  The court issued its final pretrial order on September 9, 2014.  ECF No. 119.  On

21  September 22, 2014, the parties filed joint and separate objections to the pretrial order.  ECF No.

22  128.  The court therefore issues this amended order.

23  JURISDICTION/VENUE

24        Jurisdiction is predicated on 28 U.S.C. § 1331.  Jurisdiction and venue are not contested.

25  TRIAL BEFORE A MAGISTRATE JUDGE

26        The parties do not consent to trial before a Magistrate Judge.

27  JURY/NON-JURY

28        The parties have timely requested a jury trial, and the jury shall consist of 8 jurors.

UNDISPUTED FACTS

1.  Plaintiff Gregory Baldwin is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR).

2.  At the relevant time periods, defendant Barton was a Sergeant and defendants Fannon and Gray were Correctional Officers at High Desert State Prison (HDSP) in Susanville, California; they were acting under color of state law.

3.  On January 24, 2008, Baldwin was transferred to HDSP.

4.  When Baldwin was transferred, he was approved to be housed in the gym rather than in a cell.

5.  On February 29, 2008, Fannon and Gray were housing officers in Building 5 on Facility B at HDSP, where Baldwin was housed.

6.  On February 29, 2008, Fannon told Baldwin that he was being moved to the gym.

7.  Baldwin said he was not going to the gym.

8.  Fannon told Baldwin to pack up his belongings; Baldwin complied with this order.

9.  About thirty minutes later, Fannon and Gray came to Baldwin's cell, put him in waist restraints and escorted him to the Program Office so he could talk to a Sergeant about his housing assignment.

10. During this escort Baldwin was wearing a soft cervical neck brace.

11.  Barton was in the Facility B gym on February 29, 2008, supervising the placement of inmates.

12.  Barton met with Baldwin in the program office.

13.  As a Sergeant, Barton did not have the authority to make or change housing assignments.

14.  Correctional officers did not have the authority to make or change housing assignments.

15.  A classification committee decides where an inmate will be housed.

////

////

16.  Before Barton's interaction with Baldwin in the Program Office on February 29, 2008, Barton did not know Baldwin and was unaware of any injury or medical condition Baldwin had.

17.  Barton told Fannon and Gray to escort Baldwin to the gym.

18.  During the escort to the gym, Fannon and Gray walked on either side of Baldwin, holding Baldwin's bicep area.

19.  Baldwin was still wearing his soft cervical neck brace.

20.  Barton followed behind the escort.

21.  As they neared the entrance to the gym, Baldwin stopped walking and said he was not going into the gym.

22.  Fannon and Gray put Baldwin against the wall outside of the gym.

23.  After a few minutes, Fannon and Gray took Baldwin into the gym.

24.  Gray and Fannon released Baldwin, and Gray removed Baldwin's restraints.

25.  Baldwin said he needed medical assistance.

26.  Medical staff came to the gym and attended to Baldwin.

27.  Baldwin was placed on a backboard and gurney and taken to the medical unit on the yard and later to the prison hospital for examination.

28.  Baldwin had no further interaction with Barton, Fannon or Gray after he was taken out of the gym on February 29, 2008.

29. Baldwin was transferred to Banner Lassen Medical Center in Susanville, California, later in the day on February 29, 2008.  He underwent x-rays and a CT scan at Banner, and was returned to HDSP the same day.

30. Upon his return to the prison, Baldwin was placed in administrative segregation.

DISPUTED FACTUAL ISSUES

1.  Considering all the circumstances, did Fannon and Gray use reasonable and necessary force when they put Baldwin against the wall outside and later inside the gym on February 29, 2008?

////

3

1        2.  Did Barton fail to protect Baldwin from Fannon's and Gray's use of force on February

2    29, 2008?

3        3. Did defendants' conduct on February 29, 2008 aggravate or exacerbate any pre-existing

4    injury of plaintiff's?

5    SPECIAL FACTUAL INFORMATION

6        None applicable.

7    DISPUTED EVIDENTIARY ISSUES

8        The parties have listed several disputed evidentiary issues.  Motions in limine were due

9    September 22, with oppositions due September 29.  Motions in limine will be decided before jury

10   selection on the first day of trial.

11   STIPULATIONS/AGREED STATEMENTS

12       The parties stipulate to the authenticity of plaintiff's records from his central and medical

13   files, absent a dispute about when a record was created or whether it was altered.  The parties also

14   stipulate to the authenticity of medical records produced via subpoena.  The parties may object to

15   the admissibility of these records on other grounds.

16       They do not believe a trial on agreed statements is appropriate.

17   RELIEF SOUGHT

18       Plaintiff seeks compensatory and punitive damages.  Defendants seek judgment in their

19   favor and costs.

20   POINTS OF LAW

21       The parties shall alert the court to disputes about the applicable law and legal standards.

22   Trial briefs addressing these points more completely shall be filed with this court no later than

23   seven days prior to the date of trial in accordance with Local Rule 285.

24   ABANDONED ISSUES

25       None.

26   WITNESSES

27       Plaintiff may call the following witnesses:

28       Gregory Baldwin

4

1      Robert Barton

2      Michael Gray

3      James Fannon

4      Dr. Jan Mensink

5      Dr. Manprit Dhillon

6      Nurse J. Daniels

7      Nurse R. Shaw

8      Correctional Officer David Hurd

9      Correctional Officer D. Burch

10      Correctional Officer M. Barnes

11      Correctional Lieutenant D. Dharlingue

12      Correctional Sergeant T. Hays

13      Correctional Sergeant K. Bond

14      Gordon Bruce

15      Defendants may call the following witnesses:

16      Gregory Baldwin

17      Robert Barton

18      James Fannon

19      Michael Gray

20      Correctional Officer David Hurd

21      Correctional Officer D. Burch

22      Correctional Officer M. Barnes

23      Nurse J. Daniels

24      Nurse R. Shaw

25      Correctional Lieutenant D. Dharlingue

26      Correctional Officer C. Hougland

27      Correctional Lieutenant D. Spangle

28      Dr. Rogelio Ortega

1    Custodian of Records for plaintiff's central file and medical records.

2    Each party may call any witnesses designated by the other.

3        A.    The court will not permit any other witness to testify unless:

4            (1) The party offering the witness demonstrates that the witness is for the purpose

5            of rebutting evidence that could not be reasonably anticipated at the pretrial

6            conference, or

7            (2) The witness was discovered after the pretrial conference and the proffering

8            party makes the showing required in "B," below.

9        B.    Upon the post pretrial discovery of any witness a party wishes to present at trial,

10    the party shall promptly inform the court and opposing parties of the existence of the unlisted

11    witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.

12    The witnesses will not be permitted unless:

13            (1) The witness could not reasonably have been discovered prior to the

14            discovery cutoff;

15            (2) The court and opposing parties were promptly notified upon discovery

16            of the witness;

17            (3) If time permitted, the party proffered the witness for deposition; and

18            (4) If time did not permit, a reasonable summary of the witness's testimony

19            was provided to opposing parties.

20    <u>EXHIBITS, SCHEDULES AND SUMMARIES</u>

21        Plaintiff's exhibits are identified on attachment A.  At trial, plaintiff's exhibits shall be

22    listed numerically.

23        Defendant's exhibits are identified on attachment B.   At trial, defendant's exhibits shall

24    be listed alphabetically.

25        The court encourages the parties to generate a joint exhibit list to the extent possible.

26    Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

27        All exhibits must be premarked.

28    ////

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than September 22, 2014.  Any objections to exhibits are due no later than September 29, 2014.

A.  The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

2.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.  Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

1.  The exhibits could not reasonably have been discovered earlier;

2.  The court and the opposing parties were promptly informed of their existence;

3.  The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

Counsel must have lodged the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than fourteen days before trial.

The defendants' objections to the designation of the prior deposition testimonies of Manprit K. Dhillon, M.D. and Jan Mensink, M.D. as untimely are overruled.  Before trial the parties shall identify and designate in separate colors all portions of the deposition testimony transcripts of Drs. Dhillon and Mensink to be read at trial.  The parties shall also notify the court

of any objections to designated transcript portions in a third color.  The court will rule on these objections at trial.

FURTHER DISCOVERY OR MOTIONS

None anticipated.

AMENDMENTS/DISMISSALS

None anticipated.

SETTLEMENT

The parties have engaged in informal settlement discussions and exhausted the possibility of settlement.

MOTIONS IN LIMINE

As noted above, any motions in limine not decided in this order will be decided the first day of trial.

As the court advised the parties, it is this court's practice to admit the fact and date of a felony conviction.  Other facts about the felony, including the name and nature of the crime of conviction and the sentence length, are unfairly prejudicial. These facts are inadmissible unless the proponent establishes that, in the circumstances of this case, specific facts about the conviction are relevant to show dishonesty or undermine credibility and their admission would not be unfairly prejudicial.

The parties advised the court at the final pretrial conference that they have made stipulations as to other matters of evidence. The parties should file any stipulations as soon as possible.

JOINT STATEMENT OF THE CASE

The parties shall prepare a joint statement of the case to be read to the jury and file it seven days before trial.

SEPARATE TRIAL OF ISSUES

Defendant seeks bifurcation of the question of punitive damages.  The court denies the defendants' motion.  The decision to bifurcate a trial is within the court's broad discretion.  *See, e.g.,  Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (citing Fed.

R. Civ. P. 42(b); quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)). The "normal procedure" is to try all damages claims together with any appropriate jury instructions.  *Id.*  Because this trial is anticipated to last two or three days, bifurcation is not necessary.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not applicable.

ATTORNEYS' FEES

The parties do not anticipate seeking attorneys' fees.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for October 6, 2014 at 9:00 a.m.  Trial is anticipated to last two to three days.  The parties are directed to Judge Mueller's trial schedule outlined at the "important information" link located on her web page on the court's website.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties have filed proposed jury voir dire, which the court will consider in conducting its own voir dire.  Each party will be limited to ten minutes of jury voir dire.

The court directed counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall have filed any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions were due fourteen days before trial.

Counsel shall have e-mailed a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must have been filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.   When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

1    <u>MISCELLANEOUS</u>

2          Trial briefs were due seven days before trial.

3    <u>RULINGS ON OTHER MATTERS</u>

4          The court grants the plaintiff's motion, ECF No. 137, to wear civilian clothing at trial,

5    subject to plaintiff's providing the clothing.

6          As discussed with the parties in a telephonic status conference on the date of this order,

7    the court grants the plaintiff's request for a writ of habeas corpus ad testificandum to secure the

8    attendance of Gordon Bruce at trial. A separate writ will issue.  On the first day of trial, a

9    schedule will be determined to allow the defendants to conduct a short deposition of Mr. Bruce,

10   up to one hour, before he offers testimony at trial.

11   <u>OBJECTIONS TO PRETRIAL ORDER</u>

12         Each party may file objections to this order by the first day of trial.  If no objections are

13   filed, the order will become final without further order of this court.

14   DATED:  October 2, 2014.

15

16   _____

17   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A: Plaintiff's Exhibits for Trial**

1.      Exhibits A-D to deposition of Defendant Robert Barton, taken on January 21, 2014

2.      Exhibits A-E to deposition of Defendant James Fannon, taken on January 24, 2014

3.      Exhibits A-E to deposition of Defendant Michael Gray, taken on January 24, 2014

4.      Exhibits 1-4 to deposition of Dr. Manprit Dhillon, taken on February 11, 2014

5.      Exhibit 1 to deposition of Dr. Jan Mensink, taken on February 20, 2014

6.      Exhibits 1-5 to deposition of Dr. Rogelio Ortega, taken on February 12, 2014

7.      Relevant Medical Records for Plaintiff Gregory Baldwin

8.      Crime Incident Report, Log No. HDSP-FBO-08-02-0129

9.      Classification-CSR Action, dated January 8, 2008

10.     Administrative Segregation Unit Placement Notice, dated February 29, 2008

**ATTACHMENT B: Defendants' Exhibits for Trial**

A.      Classification Chrono (CDC 128-G), dated December 26, 2007

B.      Classification-CSR Action (CDC 128-G), dated January 8, 2008

C.      Crime/Incident Report (CDC 837) Log No. HDSP-FB0-08-0129 (entire packet)

D.      Administrative Segregation Unit Placement Notice (CDC 114-D), dated February 29, 2008

E.      Rules Violation Report (CDC 115) Log No. FB-08-02-074 (through adjudication)

F.      Plaintiff's Inmate/Parolee Appeal Form Log No. HDSP-08-1595 (including responses through all levels)

G.      Confidential Supplement to Appeal Log No. HDSP-08-1595, dated June 13, 2008

H.      Plaintiff's Relevant Medical Records

I.      Diagram of Facility B at HDSP

J.      Photographs of Facility B and Gym at HDSP

K.      Abstract of Judgment for Plaintiff's committed offense, dated March 18, 2003

L.      Declaration of Custodian of Records of Plaintiff's central file records with CDCR

M.      Declaration of Custodian of Records of Plaintiff's medical file records with CDCR