UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY V. BALDWIN,<br><br>  Plaintiff - Appellant,<br><br>v.<br><br>J. FANNON, Officer; et al.,<br><br>  Defendants - Appellees. | No. 14-17173<br><br>D.C. No. 2:09-cv-00711-KJM-AC<br>U.S. District Court for Eastern California, Sacramento<br><br>**MANDATE** |

The judgment of this Court, entered June 25, 2020, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Quy Le
Deputy Clerk
Ninth Circuit Rule 27-7

FILED

JUN 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY V. BALDWIN, | No.   14-17173 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-00711-KJM-AC |
| v. | MEMORANDUM[*] |
| J. FANNON, ET AL., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted May 14, 2020
San Francisco, California

Before:   WALLACE and R. NELSON, Circuit Judges, and BLOCK,[**] District Judge.

Gregory Baldwin, an inmate at High Desert State Prison, appeals from the district court's judgment in favor of defendants—three correctional officers—following a jury trial on excessive force and deliberate indifference claims, brought

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

under 42 U.S.C. § 1983. We assume familiarity with the facts, procedural history, and issues on appeal.

1. Baldwin claims the district court erred by failing to *sua sponte* strike prospective jurors with relatives and friends in law enforcement. As Baldwin did not object to the selection of these jurors, he forfeited this claim and we review only for plain error. *Crowley v. Epicet Corp.*, 883 F.3d 739, 748 (9th Cir. 2018).

Absent "extreme situations," such as where "a juror or his close relatives have been personally involved in a situation involving a similar fact pattern," *Tinsley v. Borg*, 895 F.2d 520, 528 (9th Cir. 1990), we have been "hesitant to find implied bias based solely on the experiences of a juror's relatives," *Rodriguez v. Cnty of Los Angeles*, 891 F.3d 776, 805 (9th Cir. 2018). Here, several prospective jurors disclosed relationships with individuals in law enforcement, although none of the jurors worked in law enforcement. Moreover, neither the jurors nor any of their connections had been involved in a situation similar to Baldwin's. Because these facts present an insufficient basis to imply bias, we find no plain error. *Rodriguez*, 891 F.3d at 805; *see also C.B. v. Cty of Sonora*, 769 F.3d 1005, 1018 (9th Cir. 2014) (en banc).

2. Baldwin also claims the district court suggested to the jury that Baldwin is untruthful by inadequately explaining why it struck Baldwin's unsworn testimony while allowing defendants to use it for impeachment purposes. Again, we review

for plain error as Baldwin failed to raise a timely objection to the district court's explanation. *Crowley*, 883 F.3d at 748.

Any error in the district court's explanation did not affect Baldwin's substantial rights for three reasons: (1) defendants never impeached Baldwin with his unsworn testimony; (2) the district court, at the end of trial, instructed the jury to "disregard" the unsworn testimony and "start[] with a clean slate"; and (3) Baldwin testified consistently with the unsworn testimony. As Baldwin was not prejudiced by the district court's explanation, we find no plain error. *See Claiborne*, 934 F.3d at 899 (quotations and citations omitted).

3. Finally, Baldwin claims the district court erred in instructing the jury to defer to the judgment of prison officials regarding the execution of security-related actions. In that respect, he argues the district court should have qualified this instruction with the following: "deference is not appropriate when the prison practice in question serves no legitimate penological purpose, or plaintiff has produced substantial evidence that the practice was an unnecessary, unjustified, or exaggerated response to jail officials' need for prison security."

We need not decide whether Baldwin waived this argument by acquiescing in the challenged charge. Because he failed to object to the charge, we would be obliged, in any event, to review for plain error. *See Crowley*, 883 F.3d at 748.

3

Plain errors in civil jury instructions are corrected only if "review is needed to prevent a miscarriage of justice, meaning that the error seriously impaired the fairness, integrity, or public reputation of judicial proceedings." *C.B.*, 769 F.3d at 1019 (internal quotations omitted). This is because "the stakes are lower in the civil context and, consequently, plain errors should encompass only those errors that reach the pinnacle of fault." *Id.* at 1018 (internal quotations omitted).

Throughout the trial the focus of the testimony, as well as the court's instructions, was whether the officers used excessive force while the plaintiff was being escorted to his new housing unit. The Use of Force Policy referenced throughout the trial simply tracked the law applicable to the deployment of excessive force. *See* 15 C.C.R. § 3268. Accordingly, the failure of the court to qualify its legally correct deference charge was "more probably than not harmless," *Caballero v. City of Concord,* 956 F.2d 204, 206 (9th Cir. 1992), and certainly did not rise to the "pinnacle of fault," *C.B.*, 769 F.3d at 1018.

The district court's judgment is **AFFIRMED**.

FILED

JUN 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Baldwin v. J. Fannon*, No. 14-17173

Wallace, Senior Circuit Judge, concurring in part and dissenting in part:

Although I agree with the majority's first two conclusions (regarding the district court's alleged failure to strike certain jurors sua sponte and the district court's allegedly prejudicial explanation of why it struck Baldwin's unsworn testimony), I disagree with the third (regarding the deference jury instruction).

The key jury instruction consisted of the following:

> In determining whether defendants Fannon and Gray used excessive force in this case, consider the need to use force, the relationship between that need and the amount of force used, whether the defendants applied the force in a good-faith effort to maintain or restore discipline, and any threat reasonably perceived by defendants, any efforts made to temper the severity of a forceful response, and the extent of the injuries suffered.
>
> In considering these factors, *you should give deference to prison officials* in the adoption and execution of policies and practices that *in their judgment are needed to preserve discipline and maintain internal security in a prison*. (emphasis added)

Quoting the comments to our model jury instructions, Baldwin argues that the district court erred when it instructed the jury to defer to prison officials because "such deference is not appropriate when the prison practice in question serves no legitimate penological purpose, or plaintiff has produced substantial evidence that the practice was an unnecessary, unjustified, or exaggerated response to jail officials' need for prison security." Model Civ. Jury Instr. 9th Cir. 9.26 cmt. (2019),

*citing Shorter v. Baca*, 895 F.3d 1176, 1184 (9th Cir. 2018). Baldwin contends that the district court's failure to add this "essential caveat" resulted in the court "failing to provide a complete instruction." Although Baldwin's arguments are largely framed in terms of the instruction provided being incomplete, Baldwin's argument is essentially that the "district court committed reversible plain error when it instructed the jury that deference should be afforded to defendants." (cleaned up)

I would reject the Defendants' waiver argument and analyze Baldwin's argument for plain error because there is no "evidence in the record that [Baldwin] was aware of, i.e., knew of, the relinquished or abandoned right" to more measured jury instructions. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc); *see also Crowley v. Epicept Corp.*, 883 F.3d 739, 748 (9th Cir. 2018) (holding that a "party forfeits a right when it fails to make a timely assertion of that right and waives a right when it is intentionally relinquished or abandoned" (internal quotation marks and citations omitted)). Here, there is no evidence that Baldwin was aware that this deference instruction was inappropriate at the time he and the Defendants jointly submitted proposed jury instructions. *See U.S. v. Lindsey*, 634 F.3d 541, 555 (9th Cir. 2011) ("Although Lindsey did stipulate to the erroneous jury instruction, the record does not show that there was ever a discussion about the instruction in any court proceedings or filings. We therefore find that Lindsey did not affirmatively act[] to relinquish a known right, and . . . proceed with plain-error review" (internal

2

quotation marks and citation omitted)). In fact, the main authority upon which Baldwin relies to challenge the jury instruction was published nearly five years after the jury was instructed in this case. Accordingly, I would hold that Baldwin merely failed to make a timely assertion of this argument, which results not in waiver, but in forfeiture. Thus, I would review Baldwin's challenge for plain error. *Id.*

"Under plain error review, we may reverse only where: (1) there was an error; (2) the error was obvious; (3) the error affected substantial rights; and, (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Claiborne v. Blauser*, 934 F.3d 885, 893 (9th Cir. 2019) (citation omitted). I conclude that each of these requirements is satisfied here.

The Defendants argue that there was no error because the instruction correctly stated the law. It is true that the jury instruction at issue mirrors a Supreme Court case that we cited favorably as recently as 2010. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *Norwood v. Vance*, 591 F.3d 1062, 1067 (9th Cir. 2010) ("*Bell* remains good law"). However, *Norwood* preceded our opinion in *Shorter v. Baca*, 895 F.3d 1176 (9th Cir. 2018), which clarified the circumstances in which that deference instruction should be provided and the circumstances in which the question of deference should be left to the jury.

In *Shorter*, we explained "that the instruction may be given only when there is evidence that the treatment to which the plaintiff objects was provided pursuant

to a security-based policy." *Id.* at 1184 (citation omitted). We further explained that "determinations about whether to defer to jail officials are often fact-intensive and context-dependent." *Id.* at 1189. For that reason, we have "left it to the jury to decide whether deference to jail officials is warranted where there is a genuine dispute of material fact over whether the jail's policies or practices were unnecessary, unwarranted, or exaggerated." *Id.* at 1190, *citing Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1257 (9th Cir. 2016).

Here, there is a genuine dispute of material fact regarding whether the Defendants' responses to Baldwin's ceasing to walk while being escorted by the Defendants were "unnecessary, unwarranted, or exaggerated." This is a Section 1983 excessive force case: the main issue at trial was whether Officers Gray and Fannon applied appropriate and proportional force in responding to Baldwin's stop. Each side points to substantial evidence regarding how the officers responded and regarding whether Baldwin posed a security threat to justify their reactions.

Because of this genuine dispute of material fact, the district court should have "left it to the jury to decide whether deference to jail officials is warranted" instead of instructing them that deference was required. *Shorter*, 895 F.3d at 1190; *see also Mendiola-Martinez*, 836 F.3d at 1255 (holding there were genuine issues of disputed fact about whether a jail's decision to shackle a detainee during a C-section was an exaggerated response to a security threat).

To reverse on plain error review, the error must be "so obvious [that] a competent district judge should be able to avoid it without benefit of objection." *Claiborne*, 934 F.3d at 898 (quotations omitted). The Defendants point out that the district court's instruction was identical to the instruction in *Norwood*, in which we held the district court erred by refusing to provide the instruction on the grounds that the word "deference" would not be "clear to a lay person." *Norwood*, 591 F.3d at 1067. However, *Norwood* did not address the legal principle articulated in *Shorter*, which is at issue here: whether the deference jury instruction would be inappropriate under the circumstances of this case. Finally, it is irrelevant that the trial judge's instructions pre-date *Shorter* and the comments to the model jury instructions formulated in light of *Shorter*. Rather, "it is enough that an error be 'plain' at the time of appellate consideration for the second part of the four-part" plain error test to be "satisfied." *Henderson v. United States*, 568 U.S. 266, 279 (2013) (cleaned up).

The majority reasons that the court's deference charge was "legally correct" (if not sufficiently qualified by limiting instructions) because the "Use of Force Policy referenced throughout the trial simply tracked the law applicable to the deployment of excessive force." (citing 15 C.C.R. § 3268). However, the jury instruction in question bears only a passing resemblance to California's use of force regulations. Those regulations define reasonable force as the "force that an *objective, trained and competent correctional employee*, faced with similar facts and

5

circumstances, *would consider necessary and reasonable* . . . ." 15 C.C.R. § 3268(a)(1). By contrast, the jury instruction at issue required the jury to accord "deference to prison officials in the . . . execution of policies and practices that *in their judgment* are needed to . . . maintain internal security in a prison." (emphasis added). In other words, while the regulations ask what an objectively-reasonable officer would find necessary, the jury instructions simply require deference to the *Defendants'* judgment as to what was necessary.

Addressing the third and fourth parts of the plain-error test, the majority also concludes that the district court's failure to qualify its deference charge was "more probably than not harmless" and "certainly did not rise to the pinnacle of fault." I disagree. This is a Section 1983 excessive force case in which the main issue at trial was whether Officers Gray and Fannon used appropriate and proportional force in response to Baldwin's stop. The jurors were instructed to consider certain factors in determining whether the Defendants used excessive force, such as "the need to use force" and "the relationship between that need and the amount of force used." However, in "considering" these crucial factors, the jury was instructed it "should give deference to prison officials in the . . . execution of policies and practices that *in their judgment* are needed to . . . maintain internal security in a prison." (emphasis added). This instruction effectively hindered the jury from impartially weighing the key question in this case: whether the force that the Defendants used on Baldwin—

who was visibly disabled and in restraints—was excessive in the jury's judgment. As Baldwin's counsel so aptly put: "To ask the question was to answer it": because the force was reasonable in the Defendants' judgment, the jury should defer to their judgment.

Moreover, I do not conclude that this erroneous instruction was "more probably than not harmless." *Caballero v. City of Concord,* 956 F.2d 204, 206 (9th Cir. 1992). The Defendants have not proffered any evidence overcoming the presumption that the jury deferred to the Defendants' judgment about what was necessary to maintain security—precisely as the district court instructed. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (a "jury is presumed to follow its instructions" (citation omitted)). Indeed, the record reveals that there was ample basis for a properly-instructed jury to conclude that the amount of force employed was excessive. Baldwin asserted that the officers shoved him against a wall and held him there by his neck even though he had a preexisting neck injury, was wearing a neck brace, and was already controlled by waist restraints. Although the Defendants argue that holding Baldwin against the wall served the security purpose of limiting Baldwin's range of motion, Baldwin pointed out that his range of motion was already substantially limited by the physical restraints he was wearing and that Officers Fannon and Gray testified at trial that they did not subjectively perceive Baldwin as

a threat. On this record, we should not conclude that the instruction was "more probably than not harmless." *Caballero,* 956 F.2d at 206.

Accordingly, I would hold that the district court's instruction deprived Baldwin of a meaningful and fair opportunity to seek redress for alleged violations of his constitutional right to be free from cruel and unusual punishment, and I would reverse and remand this case for a new trial.